**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50019 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-01928-LAB |
| v. |  |
| NICOLE KISSANE, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Nicole Kissane appeals the 21-month sentence imposed following her guilty

plea to conspiracy to violate the Animal Enterprise Terrorism Act in violation of

18 U.S.C. § 43.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Kissane contends that the district court procedurally erred in imposing the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence because it relied on clearly erroneous facts, and did not consider or address her arguments regarding sentencing disparity. We review for plain error, *see United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012), and conclude that there is none. Contrary to Kissane's argument, the district court's factual findings were not clearly erroneous. The court did not treat her mitigating circumstances as aggravating, but rather concluded that they did not justify the below-Guidelines sentence that Kissane requested. Moreover, the court expressly considered Kissane's sentencing disparity arguments, as well as the other mitigating circumstances she presented, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The court was not required to compare Kissane's sentence to sentences imposed in unrelated cases. *See United States v. Treadwell*, 593 F.3d 990, 1011-12 (9th Cir. 2010).

Kissane also contends that her sentence is substantively unreasonable. We review for abuse of discretion. *See Carty*, 520 F.3d at 993. Given the deference due to a district court's sentencing determination and in light of the totality of the circumstances, the within-Guidelines sentence is substantively reasonable. *See Carty*, 520 F.3d at 995.

**AFFIRMED.**

17-50019